# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>             Plaintiff,<br><br>    vs.<br><br>JACKSON BOYZ LLC, d/b/a THAT PLACE; and DANIEL A. JACKSON, II, and LAURA A. JACKSON, individually, and as officers, directors, shareholders, members and/or principals of JACKSON BOYZ LLC d/b/a THAT PLACE,<br><br>             Defendants. | **8:18CV448**<br><br>**ORDER** |

       This matter is before the Court on Plaintiff's Motion to Compel Initial Disclosures and Responses to Discovery Requests (Filing No. 20). Defendants did not respond to the motion. The Court will grant the motion.

       Pursuant to the Court's December 14, 2018, Initial Progression Order, the deadline to serve initial mandatory disclosures was January 13, 2019. (Filing No. 14). On February 11, 2019, counsel for Plaintiff emailed defense counsel regarding Defendants' outstanding initial disclosures and requested they be provided as soon as possible. (Filing No. 20-3). Plaintiff states it has not received Defendants' mandatory disclosures nor has defense counsel responded to emails regarding the status of their mandatory disclosures. (Filing No. 20).

       On February 12, 2019, Plaintiff served Defendants with its Request for Premises Inspection, Requests for Production, Requests for Admissions, and Interrogatories. (Filing No. 20-2). On March 15, 2019, counsel for Plaintiff emailed defense counsel regarding Defendants' failure to provide initial disclosures and failure to respond to Plaintiff's discovery requests. (Filing No. 20-4). Plaintiff's counsel left telephone messages for defense counsel on May 20 and May 30, 2019, regarding Defendants' outstanding mandatory disclosures and discovery requests. (Filing No. 20 at p. 2). Receiving no response, Plaintiff filed the instant motion to compel on May 30, 2019, requesting the Court order Defendants to serve their mandatory disclosures and to respond to the outstanding discovery requests, and for an award of attorney's fees. Plaintiff also asks that the summary judgment deadline to be stayed or continued until Defendants provide Plaintiff with complete discovery responses.

1

A party must serve answers, responses, and any objections to properly served interrogatories, requests for production, and requests for admissions within thirty days of service. See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). Additionally, the Court ordered the parties to serve their initial disclosures described in Fed. R. Civ. P. 26(a)(1) by January 13, 2019. (Filing No. 14). Based on the record before the Court, Defendants have failed to respond to discovery requests and failed to serve initial mandatory disclosures. Defendants did not request any extensions of time to provide discovery responses, did not provide any reason for the failure to respond to discovery, and filed no response to this motion to compel. In consideration of the above, the Court finds that Plaintiff's motion to compel should be granted.

Plaintiff also requests attorneys' fees of at least $625 associated with filing the instant motion. (Filing No. 20 at p. 6). Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel disclosure or discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Plaintiff's counsel certifies he attempted in good faith to obtain Defendants' mandatory disclosures and discovery responses before filing the present motion. (Filing No. 20 at p. 7). Defendants' failure to serve mandatory disclosures and discovery responses required Plaintiff to file a motion to compel. Therefore, the Court shall, after providing Defendants with a chance to respond, grant Plaintiff's reasonable expenses for filing this motion, unless Defendants show substantial justification for the failure to provide the disclosures or that other circumstances would make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5). Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Initial Disclosures and Responses to Discovery Requests (Filing No. 20) is granted.
2. Pursuant to Fed. R. Civ. P. 36(a)(3), Defendants are deemed to have admitted to the matters in Plaintiff's Requests for Admissions.
3. On or before **July 1, 2019**, Defendants shall serve Plaintiff with their Rule 26(a)(1) mandatory disclosures and file a certification of the service pursuant to NECivR 26.1, and shall serve responses to Plaintiff's Request for Premises Inspection, Request for Production, and Interrogatories, without objections.

4. Defendants shall have until **July 1, 2019**, to show cause why Plaintiff's reasonable expenses incurred in filing this motion, including the award of attorneys' fees under Rule 37, should not be imposed. If Defendant fails to respond, Plaintiff is granted leave to file an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR. 54.3 and 54.4.

5. The deadline for filing motions to dismiss and motions for summary judgment is extended to **July 22, 2019**. The pretrial conference and trial are canceled, and will be re-set, if necessary, after the Court rules on any motions for summary judgment.

Dated this 17th day of June, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge